## CHAPTER 14-15
## REVISED UNIFORM ADOPTION ACT

**14-15-01. Definitions. (Effective through August 31, 2022)**
As used in this chapter, unless the context otherwise requires:
1. "Abandon" means:
    a. As to a parent of a child not in the custody of that parent, failure by the noncustodial parent significantly without justifiable cause to:
        (1) Communicate through physical contact or oral conversation with the child; or
        (2) Provide for the care and support of the child as required by law.
    b. As to a parent of a child in that parent's custody:
        (1) To leave the child for an indefinite period without making firm and agreed plans, with the child's immediate caregiver, for the parent's resumption of physical custody;
        (2) Following the child's birth or treatment at a hospital, to fail to arrange for the child's discharge within ten days after the child no longer requires hospital care; or
        (3) To willfully fail to furnish food, shelter, clothing, or medical attention reasonably sufficient to meet the child's needs.
2. "Adult" means an individual who is not a minor.
3. "Agency" means an entity licensed under chapter 50-12 to place minors for adoption.
4. "Child" means a son or daughter, whether by birth or adoption.
5. "Court" means the district court of this state, and when the context requires means the court of any other state empowered to grant petitions for adoption.
6. "Department" means the department of human services.
7. "Genetic parent" means the biological mother or adjudicated mother of the adopted child, or the presumed father or adjudicated father of the adopted child under chapter 14-20.
8. "Genetic sibling" means individuals with genetic relationship of sister, brother, half-sister, or half-brother.
9. "Human service zone" means a county or consolidated group of counties administering human services within a designated area in accordance with an agreement or plan approved by the department.
10. "Identifying" includes full name, address, date of birth, telephone number, or anything that may lead to the identity of any previously undisclosed individual.
11. "Investigation" includes information obtained regarding the child's history, a preplacement adoption assessment of the prospective adoptive family, and an evaluation of the child's placement in the adoptive home.
12. "Minor" means an individual under the age of eighteen years.
13. "Nonidentifying adoptive information" means:
    a. Age of genetic parent in years at the birth of the adopted child.
    b. Heritage of genetic parent.
    c. Educational attainments, including the number of years of school completed by genetic parent at the time of birth of the adopted child.
    d. General physical appearance of genetic parent at the time of birth of the adopted child, including the height, weight, color of hair, eyes, skin, and other information of a similar nature.
    e. Talents, hobbies, and special interests of genetic parents.
    f. Existence of any other children born to either genetic parent.
    g. Reasons for child being placed for adoption or for termination of parental right.
    h. Religion of genetic parent.
    i. Vocation of genetic parent in general terms.
    j. Health history of genetic parents and blood relatives in a manner prescribed by the department.
    k. Such further information which, in the judgment of the agency, will not be detrimental to the adoptive parent or the adopted individual requesting the

   information, but the additional information may not identify genetic parents by name or location.
14. "Relative" means any individual having the following relationship to the minor by marriage, blood, or adoption: brother, sister, stepbrother, stepsister, first cousin, uncle, aunt, or grandparent.
15. "Stepparent" means an individual who is married to a parent of a child who has not adopted the child.

**Definitions. (Effective after August 31, 2022)**

As used in this chapter, unless the context otherwise requires:
1. "Abandon" means:
   a. As to a parent of a child not in the custody of that parent, failure by the noncustodial parent significantly without justifiable cause to:
      (1) Communicate through physical contact or oral conversation with the child; or
      (2) Provide for the care and support of the child as required by law.
   b. As to a parent of a child in that parent's custody:
      (1) To leave the child for an indefinite period without making firm and agreed plans, with the child's immediate caregiver, for the parent's resumption of physical custody;
      (2) Following the child's birth or treatment at a hospital, to fail to arrange for the child's discharge within ten days after the child no longer requires hospital care; or
      (3) To willfully fail to furnish food, shelter, clothing, or medical attention reasonably sufficient to meet the child's needs.
2. "Adult" means an individual who is not a minor.
3. "Agency" means an entity licensed under chapter 50-12 to place minors for adoption.
4. "Child" means a son or daughter, whether by birth or adoption.
5. "Court" means the district court of this state, and when the context requires means the court of any other state empowered to grant petitions for adoption.
6. "Department" means the department of health and human services.
7. "Genetic parent" means the biological mother or adjudicated mother of the adopted child, or the presumed father or adjudicated father of the adopted child under chapter 14-20.
8. "Genetic sibling" means individuals with genetic relationship of sister, brother, half-sister, or half-brother.
9. "Human service zone" means a county or consolidated group of counties administering human services within a designated area in accordance with an agreement or plan approved by the department.
10. "Identifying" includes full name, address, date of birth, telephone number, or anything that may lead to the identity of any previously undisclosed individual.
11. "Investigation" includes information obtained regarding the child's history, a preplacement adoption assessment of the prospective adoptive family, and an evaluation of the child's placement in the adoptive home.
12. "Minor" means an individual under the age of eighteen years.
13. "Nonidentifying adoptive information" means:
    a. Age of genetic parent in years at the birth of the adopted child.
    b. Heritage of genetic parent.
    c. Educational attainments, including the number of years of school completed by genetic parent at the time of birth of the adopted child.
    d. General physical appearance of genetic parent at the time of birth of the adopted child, including the height, weight, color of hair, eyes, skin, and other information of a similar nature.
    e. Talents, hobbies, and special interests of genetic parents.
    f. Existence of any other children born to either genetic parent.
    g. Reasons for child being placed for adoption or for termination of parental right.
    h. Religion of genetic parent.
    i. Vocation of genetic parent in general terms.

      j. Health history of genetic parents and blood relatives in a manner prescribed by the department.
      k. Such further information which, in the judgment of the agency, will not be detrimental to the adoptive parent or the adopted individual requesting the information, but the additional information may not identify genetic parents by name or location.
14. "Relative" means any individual having the following relationship to the minor by marriage, blood, or adoption: brother, sister, stepbrother, stepsister, first cousin, uncle, aunt, or grandparent.
15. "Stepparent" means an individual who is married to a parent of a child who has not adopted the child.

**14-15-02. Who may be adopted.**
Any individual may be adopted.

**14-15-03. Who may adopt.**
The following individuals may adopt:
1. A husband and wife together although one or both are minors.
2. An unmarried adult.
3. The unmarried father or mother of the individual to be adopted.
4. A married individual without the other spouse joining as a petitioner, if the individual to be adopted is not the adopting person's spouse, and if:
    a. The petitioner is a stepparent of the individual to be adopted and the biological or legal parent of the individual to be adopted consents;
    b. The petitioner and the other spouse are legally separated; or
    c. The failure of the other spouse to join in the petition or to consent to the adoption is excused by the court by reason of prolonged unexplained absence, unavailability, incapacity, or circumstances constituting an unreasonable withholding of consent.

**14-15-04. Venue - Inconvenient forum - Caption.**
1. Proceedings for adoption must be brought in the court for the place in which, at the time of filing or granting the petition, the petitioner, or the individual to be adopted resides or is in military service or in which the agency having the care, custody, or control of the minor is located.
2. If the court finds in the interest of substantial justice that the matter should be heard in another forum, the court may transfer, stay, or dismiss the proceeding in whole or in part on any conditions that are just.
3. The caption of a petition for adoption must be styled substantially "In the Matter of the Adoption of _____". The individual to be adopted must be designated in the caption under the name by which that individual is to be known if the petition is granted. If the child is placed for adoption by an agency, any name by which the child was previously known may not be disclosed in the petition, the notice of hearing, or in the decree of adoption.

**14-15-05. Persons required to consent to adoption.**
1. Unless consent is not required under section 14-15-06, a petition to adopt a minor may be granted only if written consent to a particular adoption has been executed by:
    a. The mother of the minor whether by birth or adoption;
    b. The father of the minor, if:
      (1) The minor is the father's child by adoption, or the father has otherwise legitimated the minor according to the laws of the place in which the adoption proceeding is brought; or

  (2) The person is presumed to be the biological father of the minor under subsection 1 of section 14-20-10, provided the nonexistence of the father and child relationship between them has not been judicially determined;
 c. Any individual lawfully entitled to custody of the minor or empowered to consent;
 d. The court having jurisdiction to determine custody of the minor, if the legal guardian or custodian of the minor is not empowered to consent to the adoption;
 e. The minor, if more than ten years of age, unless the court in the best interest of the minor dispenses with the minor's consent; and
 f. The spouse of the minor to be adopted.
2. A petition to adopt an adult may be granted only if written consent to adoption has been executed by the adult and the adult's spouse.

### 14-15-06. Individuals as to whom consent not required - Notice of hearing.
1. Consent to adoption is not required of:
 a. A parent who has deserted a child without affording means of identification or who has abandoned a child.
 b. A parent of a child in the custody of another, if the parent for a period of at least one year has failed significantly without justifiable cause:
  (1) To communicate with the child; or
  (2) To provide for the care and support of the child as required by law or judicial decree.
 c. The father of a minor if the father's consent is not required by subdivision b of subsection 1 of section 14-15-05.
 d. A parent who has relinquished that parent's right to consent under section 14-15-19.
 e. A parent whose parental rights have been terminated by order of court under section 14-15-19.
 f. A parent judicially declared incompetent or mentally defective if the court dispenses with the parent's consent.
 g. Any parent of the individual to be adopted, if the individual is an adult.
 h. Any legal guardian or lawful custodian of the individual to be adopted, other than a parent, who has failed to respond in writing to a request for consent for a period of sixty days or who, after examination of the guardian's or custodian's written reasons for withholding consent, is found by the court to be withholding consent unreasonably.
 i. The spouse of the individual to be adopted, if the failure of the spouse to consent to the adoption is excused by the court by reason of prolonged unexplained absence, unavailability, incapacity, or circumstances constituting an unreasonable withholding of consent.
 j. A parent of the minor, if the failure of the parent to consent is excused by the court in the best interest of the child by reason of the parent's prolonged unexplained absence, unavailability, incapacity, or significant failure, without justifiable cause, to establish a substantial relationship with the minor or to manifest a significant parental interest in the minor, or by reason of inability of the court to identify the parent.
2. Except as provided in section 14-15-11, notice of hearing on a petition for adoption need not be given to an individual whose consent is not required or to an individual whose consent or relinquishment has been filed with the petition.

### 14-15-07. How consent is executed.
The required consent to adoption must be executed at any time after the birth of the child and in the manner following:
1. If by the individual to be adopted, in the presence of the court.
2. If by an agency, by the executive head or other authorized representative, in the presence of an individual authorized to take acknowledgments.

3.  If by any other individual, in the presence of the court or in the presence of an individual authorized to take acknowledgments.
4.  If by a court, by appropriate order or certificate.

**14-15-08. Withdrawal of consent.**
1.  A consent to adoption cannot be withdrawn after the entry of a decree of adoption.
2.  A consent to adoption may be withdrawn before the entry of a decree of adoption if the court finds, after notice and opportunity to be heard is afforded to petitioner, the individual seeking the withdrawal, and the agency placing a child for adoption, that the withdrawal is in the best interest of the individual to be adopted and the court orders the withdrawal.

**14-15-09. Petition for adoption.**
1.  A petition for adoption must be signed and verified by the petitioner, filed with the clerk of the court, and state:
    a.  The date and place of birth of the individual to be adopted, if known.
    b.  The name to be used for the individual to be adopted.
    c.  The date petitioner acquired custody or date of placement of the minor and the name of the individual placing the minor.
    d.  The full name, age, place, and duration of residence of the petitioner.
    e.  The marital status of the petitioner, including the date and place of marriage, if married.
    f.  That the petitioner has facilities and resources, including those available under a subsidy agreement, suitable to provide for the nurture and care of the minor to be adopted, and that it is the desire of the petitioner to establish the relationship of parent and child with the individual to be adopted.
    g.  A description and estimate of value of any property of the individual to be adopted.
    h.  The name of any individual whose consent to the adoption is required, but who has not consented, and facts or circumstances which excuse the lack of the individual's consent normally required to the adoption.
    i.  The department as respondent.
    j.  The human service zone as respondent if the minor to be adopted is in the custody of the human service zone.
    k.  That the petitioner's expenses were reasonable as verified by the court. Reasonable fees may be charged for professional services and living expenses if reflected in a report of agreements and disbursements filed under this chapter and approved by the court. The fees may not be contingent upon placement of the child for adoption, consent to adoption, or cooperation in the completion of adoption. Reasonable fees may include:
        (1) Preplacement counseling, adoption assessment, placement of the child, foster care, or other preadoption services, which must be paid directly to the provider of the services;
        (2) Legal fees relating to the petition for relinquishment or adoption, that must be paid directly to the provider of the services;
        (3) Medical expenses relating to prenatal care and the birth of the child, that are not already covered by health insurance;
        (4) Expenses for transportation, meals, and lodging incurred for placement of the child or in order to receive counseling, legal, or medical services related to the pregnancy, birth, or placement; and
        (5) Living expenses of the birth mother which are needed to maintain an adequate standard of living, which the birth mother is unable to otherwise maintain because of loss of income or other support resulting from the pregnancy.
            (a) The payments may cover expenses incurred during the pregnancy-related incapacity but not for a period longer than six

        weeks following the delivery, unless the court determines within the six-week period that the birth mother is unable to be employed due to physical limitations relating to the birth of the child.
   - (b) Living expenses do not include expenses for lost wages, gifts, educational expenses, vacations, or other similar expenses of a birth mother.
2. A certified copy of the birth certificate or verification of birth record of the individual to be adopted, if available, and the required consents and relinquishments must be filed with the clerk.
3. Any individual filing a petition shall pay to the clerk of court a filing fee as prescribed in subsection 1 of section 27-05.2-03.

**14-15-10. Report of petitioner's expenditures.**
1. Except as specified in subsection 2, the petitioner in any proceeding for the adoption of a minor shall file, before the petition is heard, a full accounting report in a manner acceptable to the court of all disbursements of anything of value made or agreed to be made by or on behalf of the petitioner in connection with the adoption. Fees may not be contingent upon placement of the child for adoption, consent to adoption, or cooperation in the completion of adoption. The report must show any expenses incurred in connection with:
   - a. Preplacement counseling, adoption assessment, placement of the child, foster care, or other preadoption services, that must be paid directly to the provider of the services;
   - b. Legal fees relating to the petition for relinquishment or adoption, that must be paid directly to the provider of the services;
   - c. Medical expenses relating to prenatal care and the birth of the child, that are not already covered by health insurance;
   - d. Expenses for transportation, meals, and lodging incurred for placement of the child or in order to receive counseling, legal, or medical services related to the pregnancy, birth, or placement; and
   - e. Living expenses of the birth mother which are needed to maintain an adequate standard of living, which the birth mother is unable to otherwise maintain because of loss of income or other support resulting from the pregnancy.
     - (1) Payments may cover expenses incurred during the pregnancy-related incapacity but not for a period longer than six weeks following the delivery, unless the court determines within the six-week period that the birth mother is unable to be employed due to physical limitations relating to the birth of the child.
     - (2) Living expenses do not include expenses for lost wages, gifts, educational expenses, vacations, or other similar expenses of a birth mother.
2. This section does not apply to an adoption by a stepparent whose spouse is a biological or adoptive parent of the child.
3. Any report made under this section must be signed and verified by the petitioner.

**14-15-11. Notice of petition - Investigation and hearing.**
1. a. After the filing of a petition to adopt a minor, the court shall fix a time and place for hearing the petition. At least twenty days before the date of hearing, notice of the filing of the petition and of the time and place of hearing must be given by the petitioner to the department and if the minor to be adopted is in the custody of the human service zone to the human service zone; any agency or individual whose consent to the adoption is required by this chapter but who has not consented; an individual whose consent is dispensed with upon any ground mentioned in subdivisions a, b, f, h, i, and j of subsection 1 of section 14-15-06 but who has not consented; any appropriate Indian tribe; and any individual identified by the court as a biological parent or a possible biological parent of the minor, upon making inquiry to the extent necessary and appropriate, as in proceedings under section

       27-20.3-22, unless the individual has relinquished parental rights or the individual's parental rights have been previously terminated by a court. The notice to the department and if the minor to be adopted is in the custody of the human service zone to the human service zone must be accompanied by a copy of the petition.
    b. Notice of the filing of a petition to adopt an adult must be given by the petitioner at least twenty days before the date of the hearing to each living parent of the adult to be adopted.
2. An investigation must be made by a licensed child-placing agency to inquire into the conditions and antecedents of a minor sought to be adopted and of the petitioner for the purpose of ascertaining whether the adoptive home is a suitable home for the minor and whether the proposed adoption is in the best interest of the minor.
3. A written report of the investigation must be filed with the court by the investigator before the petition is heard.
4. The report of the investigation must contain a review of the child's history; a preplacement adoption assessment of the petitioner, including a criminal history record investigation of the petitioner; and a postplacement evaluation of the placement with a recommendation as to the granting of the petition for adoption and any other information the court requires regarding the petitioner or the minor.
5. An investigation and report is not required in cases in which a stepparent is the petitioner or the individual to be adopted is an adult. The department and human service zone, when required to consent to the adoption, may give consent without making the investigation. If the petitioner is a relative other than a stepparent of the minor, the minor has lived with the petitioner for at least nine months, no allegations of abuse or neglect have been filed against the petitioner or any member of the petitioner's household, and the court is satisfied that the proposed adoptive home is appropriate for the minor, the court may waive the investigation and report required under this section.
6. The department and human service zone, when required to consent to the adoption, may request the licensed child-placing agency to conduct further investigation and to make a written report thereof as a supplemental report to the court.
7. After the filing of a petition to adopt an adult, the court by order shall direct that a copy of the petition and a notice of the time and place of the hearing be given to any individual whose consent to the adoption is required but who has not consented and to each living parent of the adult to be adopted. The court may order an appropriate investigation to assist it in determining whether the adoption is in the best interest of the individuals involved.
8. Notice must be given in the manner appropriate under the North Dakota Rules of Civil Procedure for the service of process in a civil action in this state or in any manner the court by order directs. Proof of the giving of the notice must be filed with the court before the petition is heard.

**14-15-12. Required residence of minor.**
1. A final decree of adoption may not be issued and an interlocutory decree of adoption does not become final, until the minor to be adopted, other than a stepchild of the petitioner, has lived in the adoptive home:
    a. For at least six months after placement by an agency;
    b. For six months after placement by a parent in accordance with an identified relinquishment under chapter 14-15.1;
    c. As a foster child for at least six months and has been placed for adoption by an agency; or
    d. For at least six months after the department and human service zone or the court has been informed of the custody of the minor by the petitioner, and the department and human service zone or the court has had an opportunity to observe or investigate the adoptive home.

2. If a child who has been placed for adoption dies before the six-month residency requirement of subsection 1 is met, the court may grant the final decree of adoption upon a finding that a proper and legitimate reason exists for granting the final decree.

**14-15-12.1. Health insurance requirements for adoptees.**

The department or child-placing agency involved in an adoption action may at any time before a final decree of adoption, if legal custody of the individual to be adopted is not held by the department, a county social service board, human service zone, a child-placing agency, or an equivalent office or agency outside the state, require the petitioner for the adoption of another individual to show proof that a health insurance policy is in effect which provides coverage for the individual to be adopted. If proof of health insurance coverage is submitted by the petitioner, no further bond of any kind may be required by the department or a human service zone in regard to health coverage of the individual to be adopted.

**14-15-13. Appearance - Continuance - Disposition of petition.**
1. The petitioner and the individual to be adopted shall appear at the hearing on the petition, unless the presence of either is excused by the court for good cause shown.
2. The court may continue the hearing from time to time to permit further observation, investigation, or consideration of any facts or circumstances affecting the granting of the petition.
3. If at the conclusion of the hearing, the court determines that the required consents have been obtained and that the adoption is in the best interest of the individual to be adopted, the court may:
   a. Issue a final decree of adoption; or
   b. Issue an interlocutory decree of adoption which by its own terms automatically becomes a final decree of adoption on a day specified in the decree, that day may not be less than six months nor more than one year after the minor was placed in the adoptive home by an agency or after the department and human service zone or the court was informed of the custody of the minor by the petitioner, unless sooner vacated by the court for good cause shown. In an interlocutory decree of adoption, the court shall provide for observation, investigation, and further report on the adoptive home during the interlocutory period.
4. The court shall make a finding as to the reasonableness of expenses reported under section 14-15-10.
5. If the requirements for a decree under subsection 3 have not been met, the court shall dismiss the petition and determine the individual to have custody of the minor, including the petitioners if in the best interest of the minor.

**14-15-14. Effect of petition and decree of adoption.**
1. A final decree of adoption and an interlocutory decree of adoption which has become final, whether issued by a court of this state or of any other place, have the following effect as to matters within the jurisdiction or before a court of this state:
   a. Except with respect to a spouse of the petitioner and relatives of the spouse, to relieve the biological parents of the adopted individual of all parental rights and responsibilities, and to terminate all legal relationships between the adopted individual and the individual's relatives, including the individual's biological parents, so that the adopted individual thereafter is a stranger to the individual's former relatives for all purposes, including inheritance and the interpretation or construction of documents, statutes, and instruments, whether executed before or after the adoption is decreed, that do not expressly include the individual by name or by some designation not based on a parent and child or blood relationship; and
   b. To create the relationship of parent and child between petitioner and the adopted individual, as if the adopted individual were a legitimate blood descendant of the petitioner, for all purposes, including inheritance and applicability of statutes,

documents, and instruments, whether executed before or after the adoption is decreed, which do not expressly exclude an adopted individual from their operation or effect.
2. Notwithstanding the provisions of subsection 1, if a parent of a child dies without the relationship of parent and child having been previously terminated and a spouse of the living parent thereafter adopts the child, the child's right of inheritance from or through the deceased parent is unaffected by the adoption.
3. An interlocutory decree of adoption, while it is in force, has the same legal effect as a final decree of adoption. If an interlocutory decree of adoption is vacated, it must be as though void from its issuance, and the rights, liabilities, and status of all affected individuals which have not become vested must be governed accordingly.

**14-15-15. Appeal and validation of adoption decree.**
1. An appeal from any final order or decree rendered under this chapter may be taken in the manner and time provided for appeal from a judgment in a civil action.
2. Subject to the disposition of an appeal, upon the expiration of one year after an adoption decree is issued the decree cannot be questioned by any individual, including the petitioner, in any manner upon any ground, including fraud, misrepresentation, failure to give any required notice, or lack of jurisdiction of the parties or of the subject matter, unless, in the case of the adoption of a minor the petitioner has not taken custody of the minor.

**14-15-16. Hearings and records in adoption proceedings - Confidential nature - Disclosure of identifying and nonidentifying information - Retroactive operation.**
1. The provisions of this section supersede any other law regarding public hearings and records.
2. For purposes of this section:
    a. "Genetic parent" includes a man presumed or adjudicated to be the adopted individual's father under chapter 14-20 and an alleged father when so indicated in the files of the child-placing agency or the department, but only if there exists in those files information that corroborates the allegation of paternity, including the existence of communications between the alleged father and the child-placing agency, or between the alleged father and the genetic mother or members of her family, or such other corroborative information as may be permitted by rules adopted by the department.
    b. "Notify" means to make a personal and confidential contact with the individual to whom a disclosure of identifying information has been requested. The personal and confidential contact must be made by an employee or agent of the child-placing agency that processed the adoption or by some other licensed child-placing agency designated by the individual initiating the search.
3. All hearings held in actions under this chapter must be held in closed court without admittance of any individual other than essential officers of the court, the parties, their witnesses, counsel, individuals who have not previously consented to the adoption but are required to consent, the parents of an adult to be adopted, and representatives of the agencies present to perform their official duties. Upon a showing of good cause by the petitioner, the court may prohibit the parents of an adult to be adopted from attending the adoption hearings and proceedings. A parent of an adult to be adopted who is prohibited by the court from attending the proceedings may submit relevant testimony or information regarding the petition to the court in writing.
4. All papers; records; and identifying and nonidentifying information relating to an adopted individual, birth siblings, birth parents, or adoptive parents, whether part of the permanent record of the court or of a file in the department or in an agency are confidential and may be disclosed only in accordance with this section. Papers, records, and information directly pertaining to the adoption must be kept permanently by the department and agency.

5. Nonidentifying information, if known, concerning undisclosed genetic parents must be furnished at a reasonable fee to:
   a. The adoptive parents at the time of adoptive placement or upon their written request;
   b. An adopted adult upon written request; or
   c. A birth parent upon written request.
6. The clerk of the appropriate district court, upon request and payment of the proper fee, shall furnish a certified copy of the decree of adoption to the adoptive parents, the guardian of an adopted minor child, or an adopted adult, provided the decree does not disclose the identity of the genetic parents or the name of the adopted individual before the adoption action.
7. Before the child reaches adulthood, at the discretion of the child-placing agency, with due regard for confidentiality exchanges of identifying or nonidentifying information may take place between the genetic parents, adoptive parents, and adopted child.
   a. Disclosure of a party's identifying information may not occur unless the party consents to disclosure.
   b. If one parent objects, the identifying information disclosed by the agency may only relate to the consenting parent or parents.
8. An adopted individual who is eighteen years of age or older may request the department to initiate the disclosure of information identifying the adopted individual's genetic parents or to initiate the disclosure of nonidentifying information not on file with the department or a child-placing agency.
9. An adopted individual who is eighteen years of age or older may request the department to initiate the disclosure of information identifying the adopted individual's adult genetic sibling.
10. A genetic parent of an adopted individual, after that individual has reached twenty-one years of age, may request the department to initiate the disclosure of information identifying that individual or to initiate the disclosure of nonidentifying information not on file with the department or a child-placing agency.
11. An adult genetic sibling of an adopted individual, after that individual has reached twenty-one years of age, may request the department to initiate disclosure of information identifying that individual.
12. An adult child of a deceased adopted individual may request the department to initiate the disclosure of information identifying the adopted individual's genetic parents or to initiate the disclosure of nonidentifying information not on file with the department or child-placing agency.
13. An adult child of an adopted individual who is still living may not request the department to initiate disclosure of information identifying the adopted individual's genetic parents or to initiate the disclosure of nonidentifying information not on file with the department or child-placing agency.
14. The department shall, within five working days of receipt of a request under subsection 8, 9, 10, 11, 12, or 13, notify in writing a child-placing agency having access to the requested information. If the department's records do not identify any child-placing agency having access to the requested information, the department, within five working days after receipt of the request, shall so notify the requester in writing. The requester may designate a child-placing agency from a list of such agencies furnished by the department, ask the department to designate an agency, or terminate the request.
15. Within ninety days after receiving notice of a request made under subsection 8, 9, 10, 11, 12, or 13, the child-placing agency shall make complete and reasonable efforts to notify the individual or individuals with respect to which a disclosure of identifying information has been requested. The child-placing agency must certify the results of its efforts to the department within one hundred twenty days after receipt of the request. The child-placing agency may charge a reasonable fee to the requester for the cost of making a search pursuant to the request. All communications under this subsection are confidential. If the search is not completed within ninety days, additional time may

be requested. Approval of this request must be given by the individual requesting the search.

16. The personal and confidential contact must be evidenced by an affidavit of notification executed by the individual who notified each genetic parent, adopted individual, or genetic sibling and certifying that each genetic parent, adopted individual, or genetic sibling contacted was given the following information:
    a. The nature of the identifying information to which the agency has access.
    b. The nature of any nonidentifying information requested.
    c. The date of the request of the adopted individual, genetic parent, or genetic sibling.
    d. The right of the genetic parent, adopted individual, or genetic sibling to file, authorize disclosure or refuse to authorize disclosure.
    e. The effect of a failure of the genetic parent, adopted individual, or genetic sibling to either authorize disclosure or refuse to authorize disclosure.

17. An adopted individual, genetic parent, or genetic sibling, with respect to whom a disclosure of identifying information has been requested, may authorize disclosure, refuse to authorize disclosure, or take no action. If no action is taken in response to a request, the child-placing agency must treat that as a refusal to authorize disclosure, except that it does not preclude disclosure after the individual's death.

18. If the child-placing agency has been able to locate only one genetic parent who authorizes disclosure and the other genetic parent cannot be located, the identifying information must be disclosed to the adopted individual. The information disclosed by the agency may relate only to the consenting parent.

19. If the child-placing agency has located both genetic parents and only one genetic parent authorizes disclosure, the child-placing agency may not disclose identifying information regarding the consenting parties unless there is a court order authorizing the disclosure. Upon application to the court by the child-placing agency, the court shall issue an order authorizing disclosure of information identifying the consenting parties. The order must include any conditions the court determines sufficient to reasonably ensure the continued nondisclosure of information identifying the objecting genetic parent. Conditions placed on the disclosure may include a sworn statement by the consenting genetic parent to refrain from disclosing to the adopted individual any information identifying the objecting genetic parent.

20. The certification of the child-placing agency to the department must include:
    a. A statement of whether it has been able to notify the individual about whom a disclosure of identifying information was requested and whether a notification was precluded by the death of the individual.
    b. If a genetic sibling was to be notified at the request of an adopted individual, or if an adopted individual was to be notified at the request of a genetic sibling, a statement of whether either individual knows the identity of any mutual genetic parent.
    c. Assurances that:
        (1) No disclosure of identifying information has been made with respect to any adopted individual, genetic parent, or genetic sibling who has not authorized the disclosure in writing unless the child-placing agency has verified that the individual has died leaving no unrevoked written refusal to authorize disclosure.
        (2) Any disclosure of identifying information that might lawfully be made under this section was made within ten days after the date of receipt of written authorization or the date on which the agency verified that the individual had died.
    d. Copies of any written authorization of disclosure or refusal to authorize disclosure.
    e. A statement that the individual about whom disclosure of identifying information was requested has neither authorized nor refused to authorize disclosure at the time of the certification.

      f. The date of each notification.
      g. A copy of each affidavit of notification.
21. The child-placing agency, acting on the request of an adopted individual to disclose identifying information about a genetic sibling, or acting on the request of a genetic sibling to disclose identifying information about an adopted individual, must determine if either individual knows the identity of a living mutual genetic parent. If either individual knows the identity of a living mutual genetic parent, no disclosure may be made unless that parent is first notified, in the manner provided for in subsection 13. The identifying information released may only relate to the consenting parties.
22. Upon application to the department by an adult adopted individual or the parent or guardian of a minor adopted child, the department may investigate or cause to be investigated facts necessary to determine the adopted individual's eligibility for enrollment as a member of an Indian tribe.
      a. The department may inquire of any individual or agency, including a licensed child-placing agency in North Dakota, to assist in the investigation.
      b. All identifying information obtained by the department shall remain confidential.
      c. The bureau of Indian affairs or an Indian tribe may be provided sufficient information obtained from the investigation to determine the eligibility of the adopted individual for enrollment in an Indian tribe. Before the department's release of information to the bureau of Indian affairs or an Indian tribe, the department shall request written assurance from the bureau of Indian affairs or an Indian tribe that the information provided will remain confidential and will not be furnished to any unauthorized individual or agency.
      d. The procedure used in contacting the genetic parents of the adopted child must be a personal and confidential contact. Any necessary contact must be made by an employee or agent of a licensed child-placing agency or the department. The information requested of the genetic parents must be limited to that information necessary to make a determination of the adopted individual's eligibility for enrollment in an Indian tribe.
      e. The department or agency may charge a reasonable fee.
23. An individual may not be required to disclose the name or identity of either an adoptive parent or an adopted individual except:
      a. In accordance with this section;
      b. As authorized in writing by the adoptive parent or the adopted individual; or
      c. Upon order of the court entered in a proceeding brought under subsection 24.
24. An adopted individual, a genetic parent, a genetic sibling, or a guardian of any of those individuals may petition the district court for an order directing the disclosure of identifying information.
      a. The petitioner shall state that efforts to secure the requested disclosure have been made under this section or are forbidden under this section, that the petitioner has a significant need for the disclosure, and the nature of that need.
      b. The petition shall name the department and any child-placing agency that has received a request under subsection 8, 9, 10, 11, 12, or 13 as respondents.
      c. The respondents must furnish, to the court, for in camera review, copies of such records as the respondents may possess that contain requested identifying information.
      d. The court may determine if individuals about whom the disclosure of identifying information is requested must be furnished notice of the proceeding and may require that the respondents give notice to those individuals. If those persons participate in the proceeding they must be permitted to do so in a manner, to be determined by the court, which avoids disclosure of identifying information except when disclosure is ordered by the court.
      e. The court may order disclosure only if the petitioner demonstrates that disclosure will not result in any substantial harm to the individual about whom identifying information is sought. The court may not order the disclosure of identifying information concerning any individual who objects to that disclosure.

25. The provisions of this section governing the release of identifying and nonidentifying adoptive information apply to adoptions completed before and after July 1, 1979.
26. Any child-placing agency discharging in good faith its responsibilities under this section is immune from any liability, civil or criminal, that otherwise might result.
27. The department shall make such reasonable rules as are necessary to carry out the purposes of this section.

**14-15-17. Recognition or validation of foreign decree affecting adoption.**
1. A decree of court terminating the relationship of parent and child or establishing the relationship by adoption issued pursuant to due process of law by a court of any other jurisdiction within or outside of the United States must be recognized in this state and the rights and obligations of the parties as to matters within the jurisdiction of this state must be determined as though the decree were issued by a court of this state.
2. a. To obtain a validation of a foreign decree of adoption, the adoptive parent shall provide to the court a petition for validation of foreign adoption, an admission stamp in the adopted individual's passport which indicates that the individual was admitted to the United States with an IH-3 or IR-3 visa, the individual's foreign birth certificate and English translation, the individual's foreign adoption decree and English translation, and a signed affidavit from the agency which states that the foreign adoption is valid and which states the name by which the individual is to be known. The petition for validation of foreign adoption must be signed and verified by the petitioner, filed with the clerk of the court, and state:
    (1) The date and place of birth of the individual to be adopted, if known;
    (2) The name to be used for the individual whose foreign adoption decree is being petitioned for validation;
    (3) The date the petitioner acquired custody or the date of placement of the individual and the name of the foreign country's placing agency;
    (4) The full name, age, place, and duration of residence of the petitioner; and
    (5) The marital status of the petitioner, including the date and place of marriage, if married.
   b. Upon a finding that the requirements of subdivision a have been met, the court shall issue a decree of validation of foreign adoption. The clerk of court shall forward a copy of the decree of validation of foreign adoption to the registrar of vital statistics for the issuance of a birth record in accordance with section 14-15-18.

**14-15-18. Application for new birth record.**
Within thirty days after an adoption decree or decree of validation of foreign adoption becomes final, the clerk of the court shall prepare an application for a birth record in the new name of the adopted individual and forward the application to the appropriate vital statistics office of the place, if known, where the adopted individual was born and forward a copy of the decree to the department of this state for statistical purposes. In the case of the adoption of an individual born outside of the United States, the court may make findings, based on evidence from the petitioner and other reliable state or federal sources, on the date and place of birth and parentage of the adopted individual. These findings must be certified by the court and included with the report of adoption filed with the state registrar of vital statistics pursuant to section 23-02.1-17.

**14-15-19. Relinquishment and termination of parent and child relationship.**
1. The rights of a parent with reference to a child, including parental right to control the child or to withhold consent to an adoption, may be relinquished and the relationship of parent and child terminated in or before an adoption action as provided in this section.
2. All rights of a parent with reference to a child, including the right to receive notice of a hearing on a petition for adoption, may be relinquished and the relationship of parent

and child terminated by a writing, signed by the parent, regardless of the age of the parent:
   a. In the presence of a representative of an agency taking custody of the child, whether the agency is within or outside of the state or in the presence and with the approval of a judge of a court of record within or outside this state in which the minor was present or in which the parent resided at the time it was signed; or
   b. In any other situation if the petitioner has had custody of the minor for two years, but only if notice of the adoption proceeding has been given to the parent and the court finds, after considering the circumstances of the relinquishment and the long-continued custody by the petitioner, that the best interest of the child requires the granting of the adoption.
3. In addition to any other action or proceeding provided by law, the relationship of parent and child may be terminated by a court order issued in connection with an adoption action under this chapter on any ground provided by other law for termination of the relationship, and in any event on the ground:
   a. That the minor has been abandoned by the parent;
   b. That by reason of the misconduct, faults, or habits of the parent or the repeated and continuous neglect or refusal of the parent, the minor is without proper parental care and control, or subsistence, education, or other care or control necessary for the minor's physical, mental, or emotional health or morals, or, by reason of physical or mental incapacity the parent is unable to provide necessary parental care for the minor, and the court finds that the conditions and causes of the behavior, neglect, or incapacity are irremediable or will not be remedied by the parent, and that by reason thereof the minor is suffering or probably will suffer serious physical, mental, moral, or emotional harm; or
   c. That in the case of a parent not having custody of a minor, the noncustodial parent's consent is being unreasonably withheld contrary to the best interest of the minor.
4. For the purpose of proceeding under this chapter, a decree terminating all rights of a parent with reference to a child or the relationship of parent and child issued by a court of competent jurisdiction in this or any other state dispenses with the consent to adoption proceedings of a parent whose rights or parent and child relationship are terminated by the decree and with any required notice of an adoption action other than as provided in this section.
5. A petition for termination of the relationship of parent and child made in connection with an adoption action may be made by:
   a. Either parent if termination of the relationship is sought with respect to the other parent;
   b. The petitioner for adoption, the guardian of the individual, the legal custodian of the child, or the individual standing in parental relationship to the child;
   c. An agency; or
   d. Any other individual having a legitimate interest in the matter.
6. a. If the identity of the father or mother is known and an address for service is also known, or the address can be ascertained with reasonable diligence, the father or mother must be personally served the petition and notice for termination of parental rights in compliance with the North Dakota Rules of Civil Procedure.
   b. If the identity of the father or mother is unknown but the father's or mother's location is known, and the identity of the father or mother cannot be ascertained with reasonable diligence, notice must be given by publication of the petition at least once a week for three consecutive weeks in the official newspaper of the county in which the unknown father or mother is located.
   c. If the identity and location of the father or mother are unknown and the location and identity of the father or mother cannot be ascertained with reasonable diligence, notice must be given by publication of the petition at least once a week for three consecutive weeks in the official newspaper of the county in which conception occurred.

      d. The last publication as required under this subsection must be at least ten days before the time set for hearing. Proof of publication of the notice must be made at or before the hearing and filed in the proceeding.
7. Before the petition is heard, notice of the hearing on the petition and opportunity to be heard must be given the parents of the child, the guardian of the child, the person having legal custody of the child, any proposed custodian of the child, and, in the discretion of the court, a person representing any party.
8. Notwithstanding the provisions of subsection 2, a relinquishment of parental rights with respect to a child, executed under this section, may be withdrawn by the parent, and a decree of a court terminating the parent and child relationship under this section may be vacated by the court upon motion of the parent, if the child is not on placement for adoption and the person having custody of the child consents in writing to the withdrawal or vacation of the decree.

### 14-15-19.1. Right to counsel.

A parent who consents to the adoption of a minor, under section 14-15-05, is entitled to legal counsel during all stages of a proceeding to terminate the parent and child relationship under section 14-15-19 if the minor is to be placed for adoption by a child-placing agency licensed under chapter 50-12. The parent may retain counsel of the parent's own choosing and at the parent's own expense, or, if indigent, the parent may request the court to order, upon which the court shall order, that a state's attorney serve as legal counsel to the parent at no cost to the parent. As an alternative to the state's attorney serving as legal counsel to the parent, the state's attorney may request the court to order, upon which the court may order, if a conflict is shown to exist, that other legal counsel services that may be available be provided to the parent at no cost to the parent. These alternative legal counsel services include counsel services for indigent persons. Prior to the termination proceeding held under section 14-15-19, the court or a person designated by the court shall inform the parent of the right to counsel provided by this section.

### 14-15-20. Adoption and legitimation by conduct.

Notwithstanding the other provisions of this chapter, the biological father of an illegitimate minor adopts and legitimates a minor by publicly acknowledging the minor as that man's child, receiving the minor into that man's home, with the consent of that man's wife, if that man is married, and otherwise treating the minor as if the minor were legitimate. Thereafter, the minor is deemed the legitimate child of the father for all purposes from the time of birth of the minor, the same as if the adoption had been finally decreed pursuant to this chapter.

### 14-15-21. Application and construction.

This chapter must be so applied and construed as to effectuate its general purpose to make uniform the law with respect to the subject of this chapter among those states which enact it.

### 14-15-22. Short title.

This chapter may be cited as the Revised Uniform Adoption Act.

### 14-15-23. Effect on pending proceedings.

Any adoption or termination proceeding pending on the effective date of this chapter is not affected thereby.

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**     **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

    (b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

    (c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**     **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**     **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**     **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**     **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**     **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**     Example:     U.S. Civil Statute: <u>47 USC 553</u>
Brief Description: <u>Unauthorized reception of cable service</u>

**VII.**     **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**     **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

Search Results                                                                 https://www.nsopw.gov/en/Search/Results

  

# DRU SJODIN
# NATIONAL SEX OFFENDER PUBLIC WEBSITE

NATIONAL SEX OFFENDER SEARCH

0 records from a national search including all states, territories and Indian Country for First Name begins with *Kermit*, Last Name begins with *Poulson* that were available at the time your search was performed.

Search performed 8/5/2021 10:21 AM EDT