**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| Kermit Ty Poulson, | ) | |
| | ) | |
| Plaintiff, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| vs. | ) | |
| | ) | |
| North Dakota Department of | ) | |
| Human Services, et al., | ) | Case No. 1:21-cv-162 |
| | ) | |
| Defendants. | ) | |

Plaintiff Kermit Ty Poulson ("Poulson") initiated the above-captioned action pro se and in forma pauperis in August 2021. Having screening his pleadings pursuant to 28 U.S.C. § 1915(e)(2), I recommend that the Court dismiss the above captioned action in its entirety for the reasons set forth below.

**I.   BACKGROUND**

    **A.   Procedural History**

Poulson initiated this action pro se on August 5, 2021, with the submission of an application to proceed in forma pauperis and a complaint. Doc. Nos. 1, 6. Attached to the complaint were: (1) a copy of the revised Uniform Adoption Act, codified at N.D.C.C. ch. 14-15; and (2) a copy of the findings and recommendation issued by Magistrate Judge Jeremiah Lynch in a case that Poulson had previously filed in the District of Montana. Doc. Nos. 6-1, 6-2; see also Poulson v. Bullock, No. CV 17-140-M-DLC-JCL, 2017 WL 5162801 (D. Mont. Nov. 7, 2017) (Order, Findings and Recommendation).

On August 27, 2021, Poulson filed what I construed as a motion for leave to file an amended

1

complaint. Doc. No. 9. On September 24, 2021, I issued an order granting the motion and instructing Poulson to file his amended complaint by October 18, 2021. Doc. No. 11.

Poulson did not file an amended complaint despite having been afforded ample opportunity to do so. Consequently, I proceeded to review his original complain. On March 28, 2022, I issued an order identifying his complaint's deficiencies and giving him a deadline of April 25, 2022, to address them. (Doc. No. 12). That deadline has now come and gone and Poulson has neither filed an amended complaint nor otherwise responded to my March 28, 2022, order.

### B. Poulson's "Montana case"

The complaint filed by Poulson to initiate the above-captioned action in this district contains references to the case that Poulson had filed in the District of Montana. For the sake of context and clarity, I will briefly summarized what transpired in Poulson's Montana case.[1]

Poulson filed suit in the District of Montana on September 28, 2021, claiming that numerous defendants violated various constitutional rights of his, that his rights under the Americans with Disabilities Act ("ADA") had been violated, that he had been subjected to libel and slander by some of the defendants, and that one of the defendants had stolen his hand cycle. Poulson v. Bullock, No. CV 17-140-M-DLC-JCL, 2017 WL 5162801 at *1 (D. Mont. Nov. 7, 2017). When reviewing Poulson's complaint pursuant to § 1915(e)(2), Magistrate Judge Lynch initially observed:

> Poulson claims have their genesis in two legal proceedings prosecuted against him in the Montana Eleventh Judicial District, Flathead County. The first was a civil

---

[1] This Court may take judicial notice of Poulson's litigation history as it appears to relate to the claims he is asserting in the above-captioned action. Jacob v. Cotton, No. 4:20CV3107, 2021 WL 130953, at *1 (D. Neb. Jan. 14, 2021) (citing Stutzka v. McCarville, 420 F.3d 757, 760 n.2 (8th Cir. 2005), Conforti v. United States, 74 F.3d 838, 840 (8th Cir. 1996), and United States v. Jackson, 640 F.2d 614, 617 (8th Cir. 1981), for the proposition that a court can sua sponte take judicial notice of its own records and files, facts which are part of its public records and proceedings in other courts if they relate directly to the matters at issue).

> proceeding . . . which culminated in the termination of Poulson's parental rights with respect to minor child M.M.F . . . . The second was a criminal proceeding which culminated in Poulson entering a guilty plea on August 9, 2012, to felon criminal possession of dangerous drugs . . . . Poulson is not currently in custody on that conviction.

Id. Magistrate Judge Lynch then went on to make the following findings. First, Poulson's state tort and federal ADA claims were barred by the statutes of limitations. Id. at ** 2-3. Alternatively, the defendants were absolutely immune from suit as their conduct at issue was, by Poulson's own allegations, undertaken in relation to the performance of their judicial and prosecutorial duties. Id. at 3. Second, the Rooker-Feldman doctrine barred Poulson's challenge to the termination of his parental rights. Id. Third, Poulson had failed to assert any cognizable constitutional claims against defendants. Id. at *4. Fourth, Poulson has failed to assert a facially cognizable claim in regards to the alleged theft of his hand cycle. Id. Magistate Judge Lynch concluded by granting Poulson leave to amend his claim for theft of his hand cycle but recommending that the court dismiss the rest of Poulson's claims. (Id.).

Poulson did not amend his claim or otherwise object to Judge Lynch's recommendation. Poulson v. Bullock, No. CV 17-140-M-DLC-JCL, 2018 WL 297573, at *1 (D. Mont. Jan. 4, 2018). Consequently, the court adopted Judge Lynch's findings and recommendation in full and dismissed all of Poulson's claims against all defendants. Id.

    **C.    Poulson's "North Dakota case"**

As noted above, Poulson filed a complaint with this Court on August 5, 2021. As best as I can discern, he is contesting the adoption of his biological daughter. In so doing, he asserts that Julie Hoffman refused to recognize that the State of Montana illegally terminated his parental rights with respect to his daughter, helped facilitate an illegal adoption, refused to provide him information

regarding the adoption, would not allow him to let him speak with his daughter or her adoptive family, and said demeaning things about him in violation of the ADA. He seeks: (1) the Court's assistance on obtaining a line of communication with his daughter's adoptive family; (2) an award of $50,000 for the alleged violation of his rights under the ADA; and (3) a letter of apology from Julie Hoffman.

## II.     STANDARDS GOVERNING § 1915(e)(2) REVIEW

Title 28 of the United States Code, Section § 1915(e)(2) empowers the Court to dismiss an action filed *in forma pauperis* if it concludes the pleadings are frivolous or malicious, fail to state a claim, or seek monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). "Dismissals [under 28 U.S.C. § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke v. Williams, 490 U.S. 319, 324 (1989); see also Mallard v. U.S. Dist. Ct. S.D. Iowa, 490 U.S. 296, 307–308 (1989) ("Section 1915(d) [now § 1915e(2)(B)(I)], for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 33 (1992).

In applying § 1915(e)(2), the Court must give the *pro se* complaint the benefit of a liberal construction. See, e.g., Federal Express Corp. v. Holowecki, 552 U.S. 389, 402 (2008); Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015) ("When we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible . . . then the district

court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework.") (internal quotation marks omitted).  This does not mean, however, that the *pro se* litigant is excused from satisfying the plausibility standard established in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 580 (2007) ("Twombly") and further amplified by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 678-84 (2009)  ("Iqbal").  See, e.g., Story v. Foote, 782 F.3d 968, 969 (8th Cir. 2015);  Hughes v. Banks, 20 Fed. App'x  960, 2008 WL 4065874 at *1 (8th Cir. 2008) (unpublished opinion) (even a pro se complaint must allege sufficient facts to support claims advanced).

### III.     DISCUSSION

#### A.     Claim Regarding Adoption/Custody Proceedings

If it was Poulson's intent to challenge in the instant action the termination of his parental rights in Montana, then he will have to look elsewhere.   The court in Montana refused to entertain these claims, citing the Rooker-Feldman doctrine.  This Court should take the same tack.

Insofar as Poulson takes issue with the validity of the adoption of his daughter and Julie Hoffman's alleged involvement in the adoption proceedings, his claim is subject to dismissal under the Rooker-Fedman doctrine as well as the domestic relations exception to federal court jurisdiction.

Under the Rooker-Feldman doctrine, lower federal courts lack subject matter jurisdiction over challenges to state court judgments, a review limited to the province of the United States Supreme Court.  Keene Corp. v. Cass, 908 F.2d 293, 296 (8th Cir. 1990) (noting "[f]ederal courts, with the exception of the United States Supreme Court, do not possess appellate jurisdiction over state court proceedings.").  This doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings

5

commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, (2005). These types of suits are "out of bounds" in federal court and warrant dismissal "for want of subject-matter jurisdiction." Id. at 283-84. The doctrine not only precludes direct assailments of state court judgments, but also prohibits collateral attacks by way of federal claims inextricably intertwined with the state court judgments. Prince v. Arkansas Bd. of Examiners in Psychology, 380 F.3d 337, 341 (8th Cir. 2004). Federal claims are inextricably intertwined "with the state court judgment if they succeed only to the extent that the state court wrongly decided the issue before it." Id. (internal quotations and alterations omitted). This prevents federal courts from considering actions that would "directly nullify the final judgment of the state court." Id. (internal alterations and quotations omitted). The type of relief sought may be indicative of whether a federal claim is simply an attempt to disturb the state court judgment. Id

More particular to family law matters, federal courts have developed what has come to be known as the domestic relations exception. The "domestic relations exception, first articulated in Barber v. Barber, 62 U.S. (1 How.) 582, 584, 16 L.Ed. 226 (1859), divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody." Kahn v. Kahn, 21 F.3d 859, 861 (8th Cir. 1994). "[W]hen a cause of action closely relates to but does not precisely fit into the contours of an action for divorce, alimony or child custody, federal courts generally will abstain from exercising jurisdiction." Id. This doctrine precludes federal suits involving "a remedy which is essentially domestic—where, in addressing the same conduct involved in a state domestic proceeding, the effect of a remedy in the federal suit is to modify, nullify, or predetermine the domestic ruling of the state proceeding." Wallace v. Wallace, 736 F.3d 764, 767 (8th Cir. 2013). No matter how styled, the domestic relations exception disallows

domestic claims "cloaked in the 'trappings' of another type of" a federal claim. Mandel v. Town of Orleans, 326 F.3d 267, 271 (1st Cir. 2003) (quoting Congleton v. Holy Cross Child Placement Agency, Inc., 919 F.2d 1077, 1078–79 (5th Cir.1990)).

Here, Poulson's claims are either directly related to or so interwoven with state child custody proceedings that subject matter jurisdiction does not lie in this Court. A careful reading of Poulson's allegations illustrates that his issues with Julie Hoffman have arisen as a direct result of his daughter's adoption. Poulson has given no indication that his claim could not have received a full and fair consideration in state court. The state court, where the adoption proceedings were held, would be better equipped to handle the issues raised by Poulson. See e.g., Jones v. Johnson, No. 4:19-CV-3058-RLW, 2020 WL 587877, at *2 (E.D. Mo. Feb. 6, 2020) (dismissing on initial review pursuant to the domestic relations exception a plaintiff's claims against Missouri Social Services and others for their participation in what plaintiff characterized as an illegal adoption).

**B.     ADA claim**

The basis of Poulson's ADA claim is that Julie Hoffman rebuffed his requests to contest or appeal the adoption and made a derogatory statement or slur about his intellect and physical limitations.

Title II of the ADA, entitled "Public Services," provides, in relevant part: "Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Title II defines the term "qualified individual with a disability" as "an individual with a disability who ... meets the essential eligibility requirements for the receipt of services or the participation in

7

programs or activities provided by a public entity." 42 U.S.C. § 12131(2).

Even giving the pleadings the most liberal of constructions and benefit of all doubt, the Court can find that Poulson has failed to assert an ADA claim that survives initial review. Poulson invokes the ADA. However, he does not allege that he is a qualified individual with a disability or that he was denied benefits, programs, or services on account of his disability. Consequently, Poulson cannot proceed with his ADA claim as it is presently drafted and the Court can dismiss it.

## III.    CONCLUSION AND RECOMMENDATION

Poulson has failed to assert a cognizable ADA claim. The remainder of Poulson's claims are subject to dismissal for lack of jurisdiction pursuant to the Rooker-Feldoman doctrine and the domestic relations exception. I therefore recommend that the Court dismiss the above-captioned action in its entirety.

## NOTICE OF RIGHT TO FILE OBJECTIONS

Poulson shall have until May 20, 2022, to file an objection to this Report and Recommendation. D.N.D. Civil L.R. 72.1(D)(3). Failure to file appropriate objections may result in recommended action without further notice or opportunity to respond.

Dated this 6th day of May, 2022.

/s/ Clare R. Hochhalter
Clare R. Hochhalter, Magistrate Judge
United States District Court